UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-348-GWU

HAZEL SERGENT
O.B.O. MIRANDA SERGENT,                                                PLAINTIFF

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

### INTRODUCTION

Miranda Sergent, by and through Hazel Sergent, her mother and legal guardian, appeals from the negative administrative decision on an application for Child's Supplemental Security Income benefits. The case is before the Court on cross-motions for summary judgment.

### LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 strict standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

06-348-GWU   Sergent

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2.  20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. Section 416.924.  If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI.  Section 416.926a.  Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning).  Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sergent, a 16 year-old high school student, suffered from impairments related to asthma and gastrointestinal disorders.  (Tr. 15).  Despite the child's impairments, the ALJ determined that she did not meet, medically equal or functionally equal the requirements of any of the Listing of Impairments sections. (Tr. 15-16).  Therefore, the claimant could not be considered to be totally disabled.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court

06-348-GWU   Sergent

must grant the defendant's summary judgment motion and deny that of the plaintiff.

Substantial evidence supports the ALJ's findings. No treating, examining or reviewing source of record indicated that Sergent's condition met or medically equaled the requirements of a Listing. Sergent does not challenge the administrative decision on these questions. Thus, the only issue concerns whether the plaintiff "functionally" equals a Listing.

In order to "functionally equal" the requirements of a Listing, a claimant must prove she has a "marked" limitation of ability in two of the six broad areas of functioning known as "domains" or an "extreme" limitation of ability in one domain. 20 C.F.R. Section 416.926a(d). A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain or complete activities." 20 C.F.R. Section 416.926a(e)(2). A "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain or complete activities." 20 C.F.R. Section 416.926a(e)(3). The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and health and physical well-being. 20 C.F.R. Section 416.926a(b)(1).

Dr. Jo Anne Sexton, a non-examining medical reviewer, addressed the issue of functional equivalence and opined that Sergent's impairments were not sufficient

to functionally equal a Listing. (Tr. 234). Dr. Sexton rated the plaintiff's impairments as "less than marked" in the domain of health and well-being and indicated that there were no limitations of ability in the other five domains. (Tr. 236-237). The ALJ gave this opinion great weight and ultimately found that the claimant suffered from only a "less than marked" limitation in the area of health and well being. (Tr. 16-20).

Sergent argues that the ALJ should not have given Dr. Sexton's opinion controlling weight because she did not have the opportunity to review medical exhibits 10F through 16F, which were entered into evidence after the reviewer saw the record. The plaintiff also asserts that the ALJ gave inappropriate weight to the opinion of one teacher who lacked knowledge of her degree of absenteeism and illness. She asserts that the evidence indicates that her limitations in the domains of health and well-being, as well as that of moving around and manipulating objects, should have been rated at the "marked" level. The undersigned does not agree with the claimant's arguments.

Sergent complains that Dr. Sexton did not see exhibits 10F through 16F. However, she does not cite any medical evidence from these exhibits which specifically contradicts the doctor's opinion. Exhibit 10F is a treatment record from Appalachian Regional Healthcare noting diarrhea and gastrointestinal problems in

06-348-GWU   Sergent

April of 2005.  (Tr. 250-255).  Her condition was described as "good" upon discharge.  (Tr. 251).

Exhibit 11F also consisted primarily of treatment notes from Appalachian dated between March, 2005 and July 2005.  (Tr. 256-264).  Problems with excessive menstrual bleeding, otitis media, and sinusitis were identified.

Exhibits 12F (Tr. 265-268) and 13F (Tr. 269-310) were from Appalachian Regional Healthcare as well.  Exhibit 12F was dated from February of 1990 and 13F was dated between February, 1990 and November, 1999 reflecting treatment for a variety of transient conditions.  Sergent alleged a disability onset date of January 12, 2002 on her November, 2004 SSI application.  (Tr. 58).  Thus, these exhibits provide no meaningful support for the plaintiff's claim.

Exhibit 14F consists of treatment records from Appalachian dated between October, 2005 and February of 2006.  (Tr. 311-319).  These document minor problems related to a strep throat and a rash.

Exhibit 15F consists of treatment notes from Appalachian dated between September of 1999 and November of 2002. (Tr. 320-335). The treatment involved complaints of diarrhea, pharyngitis, urinary tract infection, strep throat, and bronchitis.  A chest x-ray in May of 2002 revealed that the heart was within normal limits. (Tr. 332).  These notes also do not suggest totally disabling restrictions.

06-348-GWU   Sergent

Finally Exhibit 16F was also from Appalachian and was dated between November, 1999 and November, 2005.  (Tr. 336-396).  These notes document problems with gastroesophageal reflux disease, urinary tract infections, vaginal bleeding, forearm pain, sinusitis, tonsillitis, lice, gastroenteritis, pharyngitis, warts, and chicken pox.  Thus, this exhibit also does not suggest the existence of disabling restrictions.

Sergent's high school history teacher apparently completed the Teacher Questionnaire.[1]  The teacher noted that the plaintiff had no trouble moving about or manipulating objects and indicated that she did not frequently miss school.  (Tr. 116, 118).  The claimant asserts that this teacher was not in a good position to know about her limitations because the teacher only had her in class for one hour a day for the past four months.  She notes that the teacher's opinion concerning her attendance is contradicted by the Attendance Report documenting numerous absences.  (Tr. 111).  However, the Court notes no other teacher submitted a report.  The record indicates that the claimant was able to make passing grades for the 2004-2005 academic year despite her poor attendance.  (Tr. 112).  Sergent indicated at the hearing that she was currently making As, Bs, and Cs during her

---

[1]The individual who completed the Teacher Questionnaire indicates that they are a History teacher but they fail to sign the document or indicate their name.  (Tr. 113-119).

6

sophomore year. (Tr. 403). Therefore, the Court finds no error in relying upon this teacher.

Sergent asserts that she has "marked" limitations in moving about and manipulating objects. The administrative regulations indicate that among the activities an adolescent such as the plaintiff should be able to perform include using one's motor skills freely and easily to get around her school, neighborhood or community, being able to participate in physical fitness activities, and having the eye-hand coordination as well as motor skills to write or type on a keyboard. 20 C.F.R. Section 416.926a(j)(v). The plaintiff's teacher did not report limitations in any of these areas. The plaintiff herself did not report any problems moving about her school or community. She noted going out on dates with her boyfriend. (Tr. 411). She was taking a course in keyboarding. (Tr. 410). She reported no problems with this course. The plaintiff did report some problems with running and keeping up in gym class. (Tr. 410). However, she apparently still ran and played basketball on occasion even though it might require her to utilize a breathing machine. (Tr. 406). Thus, the record clearly does not support a "marked" degree of limitation in this domain.

Sergent also asserts that the ALJ erred in not finding that her impairment in the domain of health and well-being was not "marked." However, as previously noted, Dr. Sexton, the only physician to address this issue, thought that her

06-348-GWU   Sergent

limitations were "less than marked."  No treating or examining source indicated the existence of significant functional limitations.  The plaintiff testified to a fairly full range of activities despite her impairments.  Therefore, the Court rejects the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 13th day of June, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**